■ In the Matter of 8 CHRISTOPHER STREET CORP., Petitioner, v EDWARD J. McLAUGHLIN, as Chairman of New York State Liquor Authority, Respondent. — Determination of respondent, as chairman of the State Liquor Authority, dated July 16, 1981, modified to the extent of vacating Finding No. 2, that petitioner suffered and allowed its premises to become disorderly, and the matter remanded to the authority, to fix the penalty to be imposed, and otherwise confirmed, without costs. On March 1, 1976, petitioner was the recipient of an on-premises liquor license from the State Liquor Authority. This license has been renewed annually. During the evening and early morning of July 31-August 1, 1980 it was visited by two investigators for the authority. Subsequently charges, totaling seven in number, were leveled against petitioner. These were set down for hearing as required by law (Alcoholic Beverage Control Law, § 119). At the hearing the statement of charges was amended to include an eighth charge. The hearing officer concluded that the authority had failed to establish Charge Nos. 3, 4 and 6, to wit, that petitioner had permitted its premises to become disorderly on September 21, 1980 (Charge No. 3); that McGuire, the manager of petitioner had committed sodomy, second degree assault, had possessed narcotics and had endangered the welfare of a minor (Charge No. 4); and that petitioner had violated section 65 of the Alcoholic Beverage Control Law by selling liquor to minors (Charge No. 6). However, it did sustain the other 5 charges. We are all in agreement that Charge No. 1 (permitting a person not mentioned in the license to avail himself thereof); Charge No. 5 (that petitioner had violated subdivision 12 of section 106 of the Alcoholic Beverage Control Law by failing to keep accurate books and records); Charge No. 7 (violation of subdivision 1 of section 99-d of the Alcoholic Beverage Control Law by undertaking unapproved alteration of the premises); and Charge No. 8 (that it permitted the licensed premises and the premises immediately adjacent thereto to become a focal point for police attention with adverse affect upon the protection, health, safety, welfare or repose of inhabitants in the area in which the licensed premises are located in violation of the rules of the authority), are all supported by substantial evidence. Our sole point of difference with the authority is that we are of the opinion that Charge No. 2 (that the premises were permitted to become disorderly during the evening and early morning of July 31-August 1, 1980) was not established. The proof offered to substantiate this charge is that an employee of petitioner, at the request of one of the investigators, obtained for him the services of a male prostitute who, in turn, procured the services of a second male prostitute. In order to hold the licensee responsible for the conduct of an employee not in a managerial status "[i]t is still the rule, as this court recently reaffirmed in the *Missouri Realty* case (22

NY 2d, at p. 237), that conduct is not 'suffered or permitted' unless ' "the licensee or his manager knew or should have known" ' of the asserted disorderly condition on the premises and tolerated its existence" (*Matter of Playboy Club of N. Y. v State Liq. Auth.*, 23 NY2d 544, 550). Here there was no such proof. Accordingly, we hold that Charge No. 2 is not supported by substantial evidence. Concur — Carro, J. P., Markewich, Lupiano, Bloom and Asch, JJ.